**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| CARLOS ESCAMILLA, | No. CV 21-1851-CJC (PLA) |
| Petitioner, | **ORDER TO SHOW CAUSE RE: DISMISSAL OF HABEAS PETITION** |
| v. | |
| RALPH DIAZ, Secretary CDCR, et al., | |
| Respondents. | |

Carlos Escamilla ("petitioner") initiated this action on February 26, 2021, by filing a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). Petitioner is currently serving a sentence of life without parole pursuant to his conviction in 1993 in the Los Angeles County Superior Court for first degree murder (Cal. Penal Code § 187). (ECF No. 1 at 2[1]). The Petition challenges petitioner's 1993 conviction on the ground that his current confinement is unlawful because the murder charge was brought via a felony complaint, and not pursuant to a grand jury indictment. (Id. at 5, 11-15).

/

---

[1] For ease of reference, the Court refers to the ECF-generated page numbers when citing to the Petition.

1   After a careful review, it appears the Petition should be dismissed as time barred and for

2   failure to state a cognizable claim.

3   **A.   STATUTE OF LIMITATIONS**

4   The Petition is subject to the Antiterrorism and Effective Death Penalty Act of 1996

5   ("AEDPA") one-year statute of limitations period, as set forth under 28 U.S.C. § 2244(d).  See

6   Calderon v. U.S. Dist. Ct. (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997).[2]  In most cases, the

7   limitation period begins to run from "the date on which the judgment became final by conclusion

8   of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).

9   Here, because petitioner's 1993 conviction became final prior to the AEDPA's enactment in 1996,

10  the statute of limitations ran from April 25, 1996 (the day after the AEDPA was enacted) to April

11  24, 1997.  See Malcolm v. Payne, 281 F.3d 951, 955 (9th Cir. 2002).

12  The Petition was filed **more than twenty-three years** after the statute of limitations expired

13  in 1997.  Absent sufficient statutory or equitable tolling, the present action is time barred.

14  This one-year limitation period is "statutorily tolled" while a "properly filed application for

15  State post-conviction or other collateral review with respect to the pertinent judgment or claim is

16  pending."  28 U.S.C. § 2244(d)(2).  This provision tolls the statute for the time during which a state

17  prisoner is attempting, through proper use of state court procedures, to exhaust state court

18  remedies with regard to his claims, through a particular post-conviction petition or application.  The

19  statute is not tolled between the time a final decision is issued on direct review and the time the

20  first state collateral challenge is filed, because there is no case "pending" during that time.  See

21  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

22  Here, there is no indication that statutory tolling applies.  The state court habeas denials

23  attached to the Petition show that petitioner sought state habeas relief in 2020 -- long after the

24  one-year period ended.  (See ECF No. 1 at 16-24).  Accordingly, the recent state petitions do not

25  trigger tolling.  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d)

26

27

28      [2]   Beeler was overruled on other grounds in Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc).

1  does not permit the reinitiation of the limitations period that has ended before the state petition was

2  filed").

3  Nor does it appear that petitioner is entitled to equitable tolling.  The AEDPA statute of

4  limitations is subject to equitable tolling in appropriate cases.  Holland v. Florida, 560 U.S. 631,

5  645, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010).  In order to qualify, a petitioner must demonstrate

6  (1) that he has been pursuing his rights diligently, and (2) that an "extraordinary circumstance"

7  stood in his way that prevented him from timely filing.  Id. at 649 (citing Pace v. DiGuglielmo, 544

8  U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)).  The "extraordinary circumstance"

9  requirement "suggests that an external force must cause the untimeliness, rather than . . . merely

10  oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the

11  application of equitable tolling."  Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir.

12  2009) (internal quotation marks and citation omitted).  "The petitioner must additionally show that

13  the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary

14  circumstances made it impossible to file a petition on time."  Ramirez v. Yates, 571 F.3d 993, 998

15  (9th Cir. 2009) (citations, internal quotations marks, and brackets omitted).

16  Petitioner has presented nothing to show that he is entitled to equitable tolling.  Accordingly,

17  it appears this action is barred by the statute of limitations.

18  **B.    FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM**

19  A petitioner may seek federal habeas relief from a state court conviction or sentence if he

20  is contending that he is in custody in violation of the Constitution or laws or treaties of the United

21  States.  See 28 U.S.C. § 2254(a); Swarthout v. Cooke, 562 U.S. 216, 219, 131 S. Ct. 859, 178 L.

22  Ed. 2d 732 (2011) (per curiam); Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed.

23  2d 385 (1991).  Matters relating solely to the interpretation and/or application of state law generally

24  are not cognizable on federal habeas review.  See, e.g., Rhoades v. Henry, 611 F.3d 1133, 1142

25  (9th Cir. 2010) ("violations of state law are not cognizable on federal habeas review").

26  Here, petitioner's claim alleging a constitutional violation because he was not charged via

27  a grand jury indictment does not present a federal question.  James v. Reese, 546 F.2d 325, 327

28  (9th Cir. 1976).  "The grand jury requirement of the Fifth Amendment is not applicable to the

1  states, and accordingly, prosecution via an information is not unconstitutional."  Id. at 327-28

2  (citation omitted); see also Caisse v. Mattheson, 2020 WL 5760284, at *2 (N.D. Cal. Sept. 28,

3  2020) ("There is no federal constitutional provision . . . requiring that a criminal defendant be

4  informed of the nature and cause of the charges against him via a grand jury indictment[.]").

5  Likewise, to the extent petitioner asserts that the use of a felony complaint as the charging

6  document violated California law, such a challenge only presents a state law issue, and thus does

7  not state a claim for federal habeas relief.  See McGuire, 502 U.S. at 68.

8         **C.    ORDER TO SHOW CAUSE AND OPTION TO DISMISS PETITION**

9        Based on the foregoing, petitioner is **ordered to show cause** why the instant Petition

10  should not be dismissed.  To satisfy this Order to Show Cause, **no later than March 25, 2021**,

11  petitioner must submit to the Court a response making clear his arguments, if any, as to why the

12  Petition should not be dismissed (1) as time barred, and/or (2) for failure to state a cognizable

13  claim.

14        Alternatively, if petitioner agrees that the Petition should be dismissed without prejudice for

15  the reasons discussed above, he may file a notice of voluntary dismissal pursuant to Federal Rule

16  of Civil Procedure 41(a)(1) ("Rule 41").  Rule 41 allows for the voluntary dismissal of an action by

17  a petitioner[3] without prejudice and without a court order before the opposing party serves either

18  an answer or a motion for summary judgment.   Fed. R. Civ. P. 41(a)(1); Hamilton v.

19  Shearson-Lehman Am. Express, Inc., 813 F.2d 1532, 1534 (9th Cir. 1987).  Respondent has not

20  yet appeared in this action.

21

22     [3]   Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts
provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent

23  with any statutory provisions or these rules, may be applied to a proceeding under these rules."
See also Hilton v. Braunskill, 481 U.S. 770, 776 & n.5 (1987) (Federal Rules of Civil Procedure

24  may be applied to habeas petitions so long as they are not inconsistent with the Rules Governing
Section 2254 Cases).  The Rules Governing Section 2254 Cases do not contain a specific

25  provision addressing voluntary dismissals.  See Clark v. Tansy, 13 F.3d 1407, 1411 (10th Cir.

26  1993) (applying Rule 41 to a petitioner's request for voluntary dismissal of his habeas petition);
Williams v. Clarke, 82 F.3d 270, 273 (8th Cir. 1996) ("a Rule 41(a)(1) voluntary dismissal is both

27  appropriate and consistent with the rules governing habeas cases"); Woods v. Knowles, 2003 WL
21767470, at *1 (N.D. Cal. July 23, 2003).   Thus, Rule 41, which otherwise governs such

28  dismissals, is applicable to this habeas action.

The Court clerk is directed to send petitioner a copy of a blank Central District form titled "Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)" along with this Order to Show Cause; petitioner may dismiss the action by checking the first box on that form.

**Failure to respond by March 25, 2021, will result in the Petition being summarily dismissed for the reasons set forth above, and for failure to prosecute and follow court orders.**

DATED:  March 3, 2021

_____
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE