JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CARLOS ESCAMILLA, | No. CV 21-1851-CJC (PLA) |
| Petitioner, | **ORDER DISMISSING PETITION** |
| v. | |
| RALPH DIAZ, Secretary CDCR, et al., | |
| Respondents. | |

I.

**BACKGROUND**

Carlos Escamilla ("petitioner") initiated this action on February 26, 2021, by filing a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). Petitioner is currently serving a sentence of life without parole pursuant to his conviction in 1993 in the Los Angeles County Superior Court for first degree murder (Cal. Penal Code § 187). (ECF No. 1 at 2[1]). The Petition challenges petitioner's 1993 conviction on the ground that his current

---

[1] For ease of reference, the Court refers to the ECF-generated page numbers when citing to the Petition.

confinement is unlawful because the murder charge was brought via a felony complaint, and not pursuant to a grand jury indictment. (Id. at 5, 11-15).

On March 3, 2021, the Magistrate Judge ordered petitioner to show cause why the Petition should not be dismissed as time barred, and/or for failure to state a cognizable claim. (ECF No. 4). On March 22, 2021, petitioner filed a Response to Order to Show Cause, in which he again asserts that he is entitled to habeas relief because was deprived of his constitutional right to be charged via a grand jury indictment. (ECF No. 5).

## II.

## DISCUSSION

The Court has reviewed the Petition, the Magistrate Judge's Order to Show Cause, and petitioner's Response, and concludes that the Petition should be dismissed as untimely and for failure to state a cognizable claim.

### A.  STATUTE OF LIMITATIONS

The Petition is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") one-year statute of limitations period, as set forth under 28 U.S.C. § 2244(d). See Calderon v. U.S. Dist. Ct. (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997).[2] In most cases, the limitation period begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Here, because petitioner's 1993 conviction became final prior to the AEDPA's enactment in 1996, the statute of limitations ran from April 25, 1996 (the day after the AEDPA was enacted) to April 24, 1997. See Malcolm v. Payne, 281 F.3d 951, 955 (9th Cir. 2002).

The Petition was filed **more than twenty-three years** after the statute of limitations expired in 1997. Absent sufficient statutory or equitable tolling, the present action is time barred.

---

[2]   Beeler was overruled on other grounds in Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc).

This one-year limitation period is "statutorily tolled" while a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). This provision tolls the statute for the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to his claims, through a particular post-conviction petition or application. The statute is not tolled between the time a final decision is issued on direct review and the time the first state collateral challenge is filed, because there is no case "pending" during that time. See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

Here, there is no indication that statutory tolling applies. The state court habeas denials attached to the Petition show that petitioner sought state habeas relief in 2020 -- long after the one-year period ended. (See ECF No. 1 at 16-24). Accordingly, the recent state petitions do not trigger tolling. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

The Court next considers whether equitable tolling applies. In order to qualify, a petitioner must demonstrate (1) that he has been pursuing his rights diligently, and (2) that an "extraordinary circumstance" stood in his way that prevented him from timely filing. Holland v. Florida, 560 U.S. 631, 649, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)). The "extraordinary circumstance" requirement "suggests that an external force must cause the untimeliness, rather than . . . merely oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling." Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009) (internal quotation marks and citation omitted). "The petitioner must additionally show that the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary circumstances made it impossible to file a petition on time." Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009) (citations, internal quotations marks, and brackets omitted).

Petitioner has presented nothing in the Petition or in his Response to the Order to Show Cause that indicates any extraordinary circumstance stood in his way that prevented him from

filing the Petition at an earlier date. Moreover, the fact that the Petition was filed more than twenty-three years after the AEDPA deadline lapsed shows that he failed to exercise diligence in pursuing habeas relief. Accordingly, the Court determines that the Petition is barred by the one-year statute of limitations.

### B. FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM

Next, petitioner's sole claim in the Petition alleging his state criminal prosecution was unlawful because the charges were brought via a felony complaint, and not a grand jury indictment, does not present a federal question. James v. Reese, 546 F.2d 325, 327 (9th Cir. 1976). A petitioner may seek federal habeas relief from a state court conviction or sentence if he is contending that he is in custody in violation of the Constitution or laws or treaties of the United States. See 28 U.S.C. § 2254(a); Swarthout v. Cooke, 562 U.S. 216, 219, 131 S. Ct. 859, 178 L. Ed. 2d 732 (2011) (per curiam); Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991). Matters relating solely to the interpretation and/or application of state law generally are not cognizable on federal habeas review. See, e.g., Rhoades v. Henry, 611 F.3d 1133, 1142 (9th Cir. 2010) ("violations of state law are not cognizable on federal habeas review").

Petitioner's claim is not cognizable in this habeas proceeding, as "[t]he grand jury requirement of the Fifth Amendment is not applicable to the states, and accordingly, prosecution via an information is not unconstitutional." James, 546 F.2d at 327-28 (citation omitted); see also Caisse v. Mattheson, 2020 WL 5760284, at *2 (N.D. Cal. Sept. 28, 2020) ("There is no federal constitutional provision . . . requiring that a criminal defendant be informed of the nature and cause of the charges against him via a grand jury indictment[.]"). Likewise, to the extent petitioner asserts that the use of a felony complaint as the charging document violated California law, such a challenge only presents a state law issue, and thus does not state a claim for federal habeas relief. See McGuire, 502 U.S. at 68. Petitioner was advised in the Order to Show Cause that he had not presented a cognizable federal claim; his Response does nothing to alter this conclusion.

/
/
/

## III.

## **CERTIFICATE OF APPEALABILITY**

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability ("COA"). See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A COA may issue "only if . . . [there is] a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (citation omitted); see also Sassounian v. Roe, 230 F.3d 1097, 1101 (9th Cir. 2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when . . . jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. at 484.

Here, petitioner has not made a substantial showing that he was deprived of a constitutional right. Furthermore, reasonable jurists would find that the Court correctly determined that the Petition should be dismissed as time barred and for failure to state a cognizable claim. Accordingly, a certificate of appealability is **denied**.

/
/
/
/
/
/
/
/
/

## IV.

## ORDER

IT IS THEREFORE ORDERED that the Petition is **dismissed with prejudice** as time barred and for failure to state a cognizable claim. A certificate of appealability is also **denied**.

DATED: April 1, 2021

_____
HONORABLE CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE